# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CAREER EMPLOYMENT )
PROFESSIONALS, INC., d/b/a Trace )
Staffing Solutions, et al., )
 )
    Plaintiffs, )
 )
v. ) CV417-083
 )
MANUFACTURERS ALLIANCE )
INSURANCE COMPANY, et al., )
 )
    Defendants. )

## ORDER

Before the Court is plaintiff's Motion to Strike Defendant Zurich's Expert Witness. Doc. 69. For the following reasons, the motion is **DENIED**.

## BACKGROUND

Zurich provided a preliminary expert report from Michael Donegan on March 16, 2018. Doc. 69 at 1. This initial report included a preliminary statement indicating that Zurich reserved the right to supplement the disclosure should additional or more accurate information become available. Doc. 69-2 at 2. It then went on to include the initial report of the expert, a curriculum vitae, a list of cases

in which the expert had testified in the previous four years, and the required information on the expert's compensation. *Id.* at 3. It also listed three individuals who could be called upon to testify. *Id.* at 3-4. Finally, the report included a catalog of reviewed documents. *Id.* at 19.

The report indicated that the expert had not concluded review of the Zurich claims files at issue and that his findings were limited to "a review of [plaintiff's expert's] report and supporting materials along with an initial review of the claims at issue." *Id.* at 11. The expert provided four opinions in opposition to plaintiff's expert report. *Id.* at 13-14. The expert opined 1) that the plaintiff's expert's alternative settlement figures were improbable and unreasonable, 2) that Zurich's investigations were reasonable, 3) that the use of defense counsel and independent investigators was appropriate, and 4) that late payment penalties are not uncommon and that these fees if properly coded are not tagged to the policy holder. *Id.* In short, the expert concluded that Zurich's "overall efforts to manage the claims were conducted in a manner that was consistent with commonly observed workers' compensation insurance industry practices," and that the plaintiff's expert report's "methodologies and analysis . . . are flawed." *Id.* at 15.

On January 15, 2019, Zurich provided a supplemental report. Doc. 69 at 4. The supplemental report included a list of the claims reviewed by plaintiff's expert and provided specific findings regarding the allegations of overpayment. Doc. 69-3 at 8. It then reasserted the four opinions as to excessive settlement, improper investigation, excessive defense counsel and private investigation fees, and allegations of improper penalty payments. *Id.* at 9-13. However, unlike the previous report, the report included specific "examples" of the opinions asserted. *Id.* Finally, the report indicated that plaintiff's representatives were fully involved in the claims file, that Zurich's management of the files was reasonable and appropriate, and that Zurich "acted in good faith in undertaking its obligations to resolve claims expeditiously and in a manner as financially advantageous as possible." *Id.* at 14. In addition to this information, the report also provided 48 pages of analysis of each of the 14 claims listed by plaintiff's expert in his report. *Id.* at 21- 68.

Plaintiff argues that the preliminary report did not comply with Fed. R. Civ. P. 26(a)(2)(B) and should be struck, and that the supplemental report is not a permitted supplement under Rule 26(e)

and should also be struck. Doc. 69 at 5-11. Zurich opposes, contending that the expert report did comply with Rule 26's requirements and that the delayed time in providing the supplement was as a result of plaintiff's belated production of over 17,000 documents as well as a dormant discovery period. Doc. 74 at 4-5. Specifically, Zurich contends that on March 30, 2018, plaintiff provided over 17,000 files to it. *Id.* at 4. After reviewing these documents (for an undisclosed period of time) Zurich then determined that there was no need for its expert to review the documents and then produced the supplemental report (which it had also retained for an undisclosed period of time). *Id.* at 5. In the alternative, Zurich argues that the supplementation is harmless. *Id.* at 9.

## ANALYSIS

Fed. R. Civ. Pro. 26(a)(2) requires that an expert report must include the following:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

4

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Moreover, "[a] party must make these disclosures at the time and in the sequence that the court orders." *Cochran v. Brinkman Corp.*, 2009 WL 4823858, at *4 (N.D. Ga. 2009) (citations omitted). Failure to provide this information will prohibit the party from using "that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Eleventh Circuit has made clear that the " '[d]isclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.' " *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir.2008) (*citing* Fed. R. Civ. P. 26(a)(2)(B)). The committee notes with respect to this requirement make clear that its intended purpose was to avoid the then common practice of providing "sketchy and vague" information concerning expert witnesses that was

5

often "of little help in preparing for a deposition of the witness." Fed. R. Civ. P. 26(a)(2) advisory committee notes to the 1993 amendments.

Courts have previously precluded supplementation of expert reports in similar circumstances. For example, it is not appropriate to supplement an expert report that proffers new opinions after additional testing. *Cochran*, 2009 WL 4823858, at *6-7. Likewise, Rule 26 "is not an excuse to rewrite an expert report or present new opinions." *Coward v. Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1329 (N.D. Ga. 2017) (*citing Beller ex rel. Beller v. United States*, 221 F.R.D. 696, 701-02 (D.N.M. Nov. 10, 2003; *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (N.D.N.C. Dec. 20, 2002). Expert reports belatedly supplemented may be stricken even if the supplement occurs before deposition. *Goshawk Dedicated Ltd. v. Am. Viatical Servs., LLC*, 2013 WL 424891, at *3-4 (N.D. Ga. Feb. 4, 2013).

Zurich's new report is not a proper supplemental report under Rule 26(e). It provides details on additional review and testing conducted by Zurich's expert after the deadline had passed and appears to be merely an attempt to bolster the initial opinion. *See Akeva*, 212 F.R.D. at 310 ("To construe supplementation to apply whenever a party

wants to bolster or submit additional expert opinions would reek [sic] havoc in docket control and amount to unlimited expert opinion preparation.") (citations omitted). Moreover, as plaintiff argues, the report is dependent on information to which the expert presumably had access prior to providing the initial report.

The Court may nevertheless allow the report's use only if it is substantially justified or harmless. Zurich's failure to provide the expert report is certainly not substantially justified. The Court is at a loss to comprehend why Zurich felt it could wait to supplement the expert report until January of this year. Even crediting the argument that plaintiff failed to comply with its discovery obligations, it remains true that Zurich waited nearly 10 months *after* receiving these documents to produce any kind of supplement.[1]

Despite this, the Court concludes that the supplement was harmless and will allow the report to stand.[2] The "supplemental" report was provided prior to any depositions occurring and tracked almost

---

[1] 17,000 documents is substantial, and plaintiff should have produced these earlier. However, there is no assertion in Zurich's brief, doc. 74, that review of these documents required 10 months to complete.

[2] Because the Court will allow the supplemental report, Plaintiff's motion to strike the initial expert report is **DISMISSED AS MOOT**.

entirely the opinions provided by the expert in his initial report. Moreover, while the initial report indicated that supplementation would be forthcoming, it contained all of the necessary components of an expert report and the supplemental report did not provide functionally new opinions. Thus, plaintiff would have been able to—and has already—prepared for the deposition of this expert even without the benefit of the supplemental report. Finally, although the Court appreciates plaintiff's concern for the sanctity of its deadlines, the Court will exclude neither the expert nor his reports on the basis of a missed deadline alone.

Because the Court is allowing this supplement, the Court will likewise allow plaintiff 30 days to file a rebuttal report. Any additional deposition of plaintiff's expert based on this rebuttal report must be concluded by the end of the extended discovery period referenced in this Court's amended scheduling order. Doc. 100. Nothing in this order should be read as precluding a *Daubert* challenge to Zurich's expert.

**Before concluding**, the Court cannot stress to Zurich in strong enough terms how close its conduct came to meriting censure. Its failure to provide the supplemental expert report to opposing counsel

*immediately* upon receipt is questionable, and its excuse for not doing so is dubious. Because the Court credits counsel's assertions that Zurich was genuinely attempting to review the documents (albeit for 10 months) it will not inquire further. Suffice it to say that counsel for Zurich should ensure that ALL additional deadlines are complied with and understand that the Court will not look kindly on any further excuses.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion to Strike Defendant's Expert Report, doc. 69, is **DENIED**.

**SO ORDERED,** this 27th day of June, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA